**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**SHERIDAN CREATIONS, INC., Respondent.**

**Docket 29496.**

United States Court of Appeals Second Circuit.

Argued Oct. 10, 1967.

Decided Oct. 30, 1967.

Paul Elkind, Atty., NLRB, Marcel Mallet-Prevost, Asst. Gen. Counsel, NLRB, for petitioner.

Ralph P. Katz, of Delson & Gordon, New York City, for respondent.

Before LUMBARD, Chief Judge, SMITH, Circuit Judge, and LEVET, District Judge.*

PER CURIAM:

The National Labor Relations Board applies for an order adjudging respondent in civil contempt for refusal to comply with the decree of this court entered on June 8, 1966 pursuant to the opinion in NLRB v. Sheridan Creations, 2 Cir., 357 F.2d 245 (1966). The respondent disputes the Board's interpretation of the decree in two respects, the demand for interest on union dues, and the demand for contributions into two Funds administered jointly by the Union and the employers' Association, one, 9% of payroll, to provide medical, retirement and other welfare benefits, the other, 1% of payroll, to provide benefits to employees who lose their jobs because of an employer's termination of business.

* Sitting by designation.

We agree with the Board that interest should be included and that the language of the decree " * * * and to pay to each of its employees, over and above the compensation already paid to them during the term of the said agreement, any additional compensation, if there be any, to which said employees would have been entitled under said agreement," contemplates payment of the contributions to the two Funds demanded by the Board. We therefore grant the application to hold the respondent in civil contempt.

The quoted language of the decree, adopted by the court as an addition to that proposed by respondent, plainly contemplated just such additional compensation as payments to these Funds, and as the Board's brief amply demonstrates, reserves under the plan of the Funds are created by the payments which may inure to the benefit of the individual employees here. Their payment is necessary to make the employees whole and to carry out the terms of the decree.

It is ordered that respondent purge itself of such contempt by:

(a) Posting immediately in conspicuous places at its place of business at 1384 Broadway, New York 18, New York, appropriate notices stating that Sheridan Creations, Inc. has been adjudged in contempt of this Court for failing and refusing to comply with this Court's decree.

(b) Paying, in addition to the union dues tendered by respondent, the contributions to the 65 Security Plan and the Liquidation Benefits Fund as required by the provisions of the Agreement, in the amount of $7,567 plus interest from May 1, 1965.

(c) Filing a sworn statement with the Clerk of this Court, and sending a copy thereof to the Director of the Board's Second Region in New York, within 10 days after the entry of the order of adjudication in contempt, showing what steps Sheridan Creations, Inc. has taken to comply with the Court's directions.

(d) Paying to the Board all costs and expenses, including reasonable counsel fees, incurred in the investigation, preparation, presentation and final disposition of this proceeding to adjudge Sheridan Creations, Inc., in civil contempt.

The court retains jurisdiction, upon the failure of respondent so to purge itself of civil contempt, to levy a compliance fine against it and to grant such other and further relief as the court finds appropriate.

LUMBARD, Chief Judge, while adhering to the views expressed in his dissenting opinion, concurs in this interpretation of the intent of the decree entered in this case.