**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**OGLE PROTECTION SERVICE, INC. et al., Respondents.**

**No. 21049.**

United States Court of Appeals, Sixth Circuit.

June 30, 1971.

---

Stanley R. Zirkin, Atty., N. L. R. B., Washington, D. C., for petitioner; Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Elliott Moore, Stanley R. Zirkin, Attys., N. L. R. B., Washington, D. C., on brief.

Douglas C. Dahn, Detroit, Mich., for respondents; Tolleson, Burgess & Mead, Robert D. Welchli, Detroit, Mich., on brief.

Before CELEBREZZE, PECK and McCREE, Circuit Judges.

PER CURIAM.

This case is before us a second time. Almost four years ago, we enforced an order of the Board finding respondents in violation of the National Labor Relations Act for refusing to sign a collective bargaining agreement reached between employer and union. 375 F.2d 497 (6th Cir. 1967), cert. denied, 389 U.S. 843, 88 S.Ct. 84, 19 L.Ed.2d 108 (1967). Now the Board has petitioned for enforcement of a supplemental order, reported at 183 N.L.R.B. No. 68 (1970), entered against respondents. The primary issue is the propriety of the back pay award issued by the Board.

The order of the Board which we enforced in 1967 requires respondents, inter alia, to

Upon request by International Union, United Plant Guard Workers of America, and its Local 114, execute the agreement reached on November 14, 1962, *the agreement to be effective from that date to at least the next renewal date as provided therein following signature,* * * *. [Emphasis added.]

The contract, which could be terminated by either party at the end of the calendar year, was executed on October 27, 1967. In accordance with its previously enforced order, the Board determined that a back pay order should be entered for the period from January 1, 1963—the day the contract was to have gone into effect—until October 27, 1967—the day of ratification (there would be no point in extending the order to December 31, 1967, "the next renewal date as provided therein following signature," because contract wages would be paid after October 27).

■■ Our previous judgment enforcing the Board's initial order is of course *res judicata,* and we decline respondents' invitation to reconsider that decision. We hold that the Board's determination of the period for which back pay is owed is not inconsistent with governing principles of law, *see, e. g.,* N. L. R. B. v. J. H. Rutter-Rex Mfg. Co., 396 U.S. 258, 262–263, 90 S.Ct. 417, 24 L.Ed.2d 405 (1969), and accordingly we enforce the Board's order in this respect.

■■ Respondents raise several other objections to the Board's order, all of which are likewise without merit. There is substantial evidence in the record taken as a whole to support the Board's determination that Ogle Protection Service, Inc., Ogle Detective Agency, Inc., Ogle Hospital Security Services, Inc., and James L. Ogle personally, should be treated as one entity for the purposes of this case. *See, e. g.,* Boire v. Greyhound Corp., 376 U.S. 473, 481–482, 84 S.Ct. 894, 11 L.Ed.2d 849 (1964); Pizza Product Corp. v. N. L. R. B., 369 F.2d 431, 432 (6th Cir. 1966). The Board did not exceed its authority in ordering respondents to pay the union dues it would have received from employees who had signed union authorization cards, had the employer not violated the Act. Cf. N. L. R. B. v. Sheridan Creations, Inc., 384 F.2d 696, 697 (2d Cir. 1967); Local 127, United Shoe Workers v. Brooks Shoe Mfg. Co., 298 F.2d 277, 280–282 (3d Cir. 1966). Finally, the contention that the required payments by the employer who has violated the Act to employees who have been economically injured by the violation would be economically ruinous is not a reason for us to refuse enforcement. *See* N. L. R. B. v. Walton Mfg. Co., 369 U.S. 404, 406–409, 82 S.Ct. 853, 7 L.Ed.2d 829 (1962); N. L. R. B. v. J. H. Rutter-Rex Mfg. Co., 396 U.S. 258, 263–264, 90 S.Ct. 417, 24 L.Ed.2d 405 (1969); Leeds & Northrup Co. v. N. L. R. B., 391 F.2d 874, 880 (3d Cir. 1968). Respondents could have limited their potential liability for back pay by complying with the Board's original order entered in 1964, or by recognizing the contract and terminating it according to its terms. They did neither, and elected instead to contest the validity of the order. *Compare* Madden v. Grain Elevator, Flour and Feed Mill Workers, ILA Local 418, 334 F.2d 1014, 1022 (7th Cir. 1964).

The order of the Board is enforced.